UNITED STATES OF AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BUSINESS HEALTH
SOLUTIONS, P.C.

    Plaintiff,

-vs-

FOCUS FORWARD, LLC
and JOHN DOES 1-10,

    Defendants.

## COMPLAINT – CLASS ACTION

*Plaintiff is not aware of any related cases.*

1. Plaintiff, Business Health Solutions, P.C., brings this action to secure redress for the actions of Focus Forward, LLC, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and

require labor to attempt to identify the source and purpose of the unsolicited faxes.

## PARTIES

3. Plaintiff Business Health Solutions, P.C. ("Business Health Solutions") is a professional corporation with offices at 17197 North Laurel Park Drive, Suite 107, Livonia Michigan 48152, where it maintains a telephone facsimile machine that automatically prints onto paper with ink/ toner.

4. Defendant Focus Forward, LLC is a Philadelphia limited liability company with principal offices at 515 Pennsylvania Ave., Fort Washington, Philadelphia 19034.

5. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisement described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012).

7. Personal jurisdiction is proper because Defendants have committed tortious acts in this District by causing the transmission of unlawful communications into the District.

8. Venue in this District is proper for the same reason.

## FACTS

9. On July 25, 2019, Business Health Solutions received the unsolicited fax advertisement attached as <u>Exhibit A</u> on its facsimile machine. The fax offered to purchase participation in a survey in exchange for a payment of $175.00.

10. Such faxes are advertisements subject to the TCPA. *Fischbein v. Olson Research Grp., Inc.*, No. 19-3018, 2020 WL 2505178 (3d Cir. May 15, 2020).

11. Discovery may reveal the transmission of additional faxes as well.

12. Focus Forward, LLC is responsible for sending or causing the sending of the fax.

13. Focus Forward, LLC derived economic benefit from the sending of the fax.

14. Focus Forward, LLC either negligently or wilfully violated the rights of Plaintiff and other recipients in sending the fax.

15. Plaintiff had no prior relationship with Defendants and had not authorized the sending of fax advertisements to Plaintiff.

16. On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

17. On information and belief, Defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Michigan.

18. There is no reasonable means for Plaintiff or other recipients of Defendants'

unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

19. Plaintiff incorporates ¶¶ 1-18.

20. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

21. The TCPA, 47 U.S.C. §227(b)(3), provides:

> Private right of action.
>
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–
>
>> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>>
>> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>>
>> (C) both such actions.
>
> If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

22. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, Plaintiff's statutory right of privacy was invaded.

23. Plaintiff and each class member is entitled to statutory damages.

24. Defendants violated the TCPA even if their actions were only negligent.

25. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

26. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of Focus Forward, LLC promoting its goods or services for sale.

27. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

28. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether Defendants engaged in a pattern of sending unsolicited fax

      advertisements;

   b.    The manner in which Defendants compiled or obtained the list of fax numbers;

   c.    Whether Defendants thereby violated the TCPA.

29.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

30.    Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

31.    A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

32.    Several courts have certified class actions under the TCPA. *American Copper & Brass, Inc. v. Lake City Indus. Products, Inc.,* 757 F.3d 540, 544 (6th Cir. 2014)*; In re Sandusky Wellness Center, LLC,* 570 Fed.Appx. 437, 437 (6th Cir. 2014)*; Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.,* 821 F.3d 992, 998 (8th Cir. 2016)*; Holtzman v. Turza,* 08cv2014, 2009 WL 3334909 (N.D.Ill.

Oct. 14, 2009), *aff'd in part, rev'd in part, vacated in part.* 728 F.3d 682 (7th Cir. 2013); *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.* 2015 IL 118644, 48 N.E.3d1060; *Sadowski v. Med1 Online, LLC,* 07cv2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10cv1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08cv4521, 2010 WL 744262, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010).

33. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

a. Statutory damages;

b. An injunction against the further transmission of unsolicited fax advertising;

c. Costs of suit;

d. Such other or further relief as the Court deems just and proper.


ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:   /s/ Adam G. Taub
     Adam G. Taub (P48703)
     17200 W 10 Mile Rd Suite 200
     Southfield, MI 48075
     Phone:  (248) 746-3790
     Email:   adamgtaub@clgplc.net

/s/ Daniel A. Edelman
Daniel A. Edelman
Cathleen M. Combs
Dulijaza (Julie) Clark
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 South Clark Street, Suite 1500

>Chicago, Illinois  60603
>(312) 739-4200
>  Email: dedelman@edcombs.com

### NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned  to counsel.

>/s/ Daniel A. Edelman
>Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

# **EXHIBIT A**


**FocusFORWARD**

Date: July 25, 2019
From: Jack Thomas
Phone: 215.367.4000, X233
REF: 512-B

## ATTENTION: NURSES, NURSE PRACTITIONERS, PHYSICIAN'S ASSISTANTS, MEDICAL ASSISTANTS

We are currently conducting a market research study amongst Nurses, Nurse Practitioners, Physician Assistants, and Medical Assistants, especially those practicing in rural, country areas or smaller towns in one of the following types of offices: OB/GYN, Primary or Family Care, Naturopathy, Psychiatrics or Mental Health, Oncology, or Pediatrics. This study is regarding reproductive well-being in patients, and we would like to include your opinions.

In appreciation of the value of your time, we are offering an honorarium of **$175** for your participation in a 60 minute phone and web online focus group during which internet access will be required on a laptop or desktop computer. The group is being held on Wednesday, July 31th at 7:00 PM Eastern Time. As a medical professional with experience in this area, your point of view would be invaluable to our research.

Please call Jack at 215.367.4000 x233
to answer a few qualifying questions for this research.
Please reference project PCP697.

---

The study will be conducted by a 60 minute phone interview.

Compensation for this study is an honorarium in the amount of $175.

When you call, please reference study 512-B.

---

If you have received this fax in error, we do apologize for the inconvenience.

To be removed from this list, please fax your number back with this document to 610.964.0345.

950 West Valley Road, Suite 2700
Wayne, PA 19087
215.367.4000 • Fax: 610.964.0345
www.focusfwd.com